IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MERCEDES TERRELL; JESSICA 'JESSE' GOLDEN; SARA UNDERWOOD; JESSICA BURCIAGA; IRINA VORONINA; BROOKE MARRIN a/k/a BROOKE BANX; and ROSA ACOSTA,<br><br>Plaintiffs,<br><br>- against -<br><br>CHICAS ENTERTAINMENT, LLC d/b/a CHICAS CABARET<br><br>Defendant. | Case No. 4:21-cv-00277<br><br>**JOINT DISCOVERY/ CASE MANAGEMENT PLAN** |

**JOINT DISCOVERY/CASE MANAGEMENT
PLAN UNDER RULE 26(f) FEDERAL RULES OF
CIVIL PROCEDURE**

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

    **Counsel for the parties met via telephone conference on November 3, 2024, and again on November 14, 2024, to discuss this plan. Dennis C. Postiglione, Counsel for Plaintiffs, was present in addition to Edward Paltzik, Counsel for Defendant. Counsels' contact information is contained below in their signature blocks.**

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

    **Plaintiffs in this matter have literally dozens of cases in both state and federal courts against similar defendants alleging Lanham Act and state law violations. Plaintiffs' counsel's law firm specializes in this area of the law and has hundreds of these matters pending across the country. Plaintiffs can provide a detailed listing of all cases, if necessary.**

    **In addition, Case No.: 22-CA-009332 *Gaxiola, Et Al. v. Club Hefe, Inc., Et Al.* pending in the Circuit Court of the 13th Judicial District in and for Hillsborough County, Florida is pending. This matter involves state claims for misappropriation similar to the claims asserted here. Robert B. Harrison is**

1

the common owner of all Defendants both the Texas and Florida matters.

3. Briefly describe what this case is about.

**This is an action for damages and injunctive relief relating to Defendant's alleged misappropriation and unauthorized publication of images of Plaintiffs.**

**Plaintiffs contend that Defendant's alleged conduct regarding the subject images, photos, and likenesses constitutes, at minimum: a) violation of section 43 of the Lanham Act, 28 U.S.C. § 1125(a)(1)(A) and (B), which prohibits false or misleading use of a person's image for purposes of advertising; b) violation of violation of Plaintiff's right to privacy, which protects a person's right to privacy and publicity; c) defamation, and; d) supplants various common law torts. Plaintiffs have asserted state invasion of privacy, *respondeat superior*, and negligence tort claims in addition to the Lanham Act claims.**

**Defendant has denied the allegations.**

4. Specify the allegation of federal jurisdiction.

**This Court has original federal question jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 as Plaintiffs have each individually stated claims under the Lanham Act, 28 U.S.C. § 1125(a)(1)(A)(B). This Court has supplemental jurisdiction over the Texas state law claims alleged herein pursuant to 28 U.S.C. § 1367.**

**The Court has personal jurisdiction over Defendant based on its contact with the State of Texas, including but not limited to Defendant's registration to conduct business in Texas, its physical location and principal place of business in Texas, and Defendant is alleged to have committed, facilitated, assisted, encouraged or conspired to commit the actions giving rise to the harm and damages in the State of Texas.**

5. Name the parties who disagree and the reasons.

**The parties do not dispute this Court's jurisdiction.**

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

**No other potential additional parties are currently known to Plaintiffs at this time. However, Plaintiffs state that it is not uncommon in these matters for a Defendant strip club such as Chicas to hire a third-party vendor or contractor to create its advertisements and/or to manage its social media and websites. If it is determined that a third party was involved in the creation and/or posting of any of the images in question in this matter, Plaintiffs may**

2

**join that party as a Defendant or Third-Party Defendant to the case.**

**At this juncture, Defendants do not anticipate that they will have need to join any additional parties. However, if joinder does occur, the parties agree to join the appropriate parties within 60 days.**

7. List anticipated interventions.

    **None.**

8. Describe class-action issues.

    **None.**

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

    **The parties have submitted Rule 26(a) disclosures.**

10. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f).

    **The parties have exchanged disclosures.**

    **The parties do not propose any changes to the timing, form, or requirement for disclosures under Rule 26(a) or discovery in general.**

    **The parties do not believe that discovery should be conducted in phases or limited to particular issues. The subject matter on which the parties intend to conduct discovery include Plaintiffs' allegations concerning use of their images and Defendant's defenses thereto.**

    **The parties do not anticipate any case-specific issues concerning claims or privilege.**

    **The parties have exchanged written discovery and the Corporate Representative has been deposed. However, in light of new counsel for Defendant, Plaintiffs have agreed to provide the full file materials, including pleadings and discovery documents in addition to supplemental discovery within 15 days of this plan's entry by the Court. Plaintiffs believe that the discovery deadline has passed and that no further discovery should be allowed.**

    B. When and to whom the plaintiff anticipates it may send interrogatories.

    **Plaintiffs served Defendant with Interrogatories and those have been**

3

answered.  Plaintiffs do not anticipate the need for additional interrogatories.

**The parties have exchanged written discovery and the Corporate Representative has been deposed.  However, in light of new counsel for Defendant, Plaintiffs have agreed to provide the full file materials, including pleadings and discovery documents in addition to supplemental discovery within 15 days of this plan's entry by the Court.  Plaintiffs believe that the discovery deadline has passed and that no further discovery should be allowed.**

C. When and to whom the defendant anticipates it may send interrogatories.

**Defendant served Plaintiffs with Interrogatories and those have been answered.  Defendants do not anticipate the need for additional interrogatories.**

D. Of Whom and by when the plaintiff anticipates taking oral depositions.

**Plaintiffs deposed the Corporate Representative(s) of Defendant with knowledge of club operations, finances, marketing, advertising, social media management, and vendor policies and procedures.**

**Plaintiffs believe that the discovery deadline has passed in this matter and that Defendants should be precluded from any further discovery and certainly precluded from designation of any experts and depositions.  Plaintiffs reserve the right to object to any designation of these experts.**

**In addition, if allowed, Plaintiffs anticipate taking the deposition of any experts designated by Defendant or additional parties.  If added, Plaintiffs will depose the Corporate Representative(s) with the most knowledge of their cross-promotion and cross-advertising policies and procedures.  If added, Plaintiffs anticipate being ready to depose the additional parties' Corporate Representative(s) within 30-45 days after written discovery is answered.  Plaintiffs can complete this by the discovery cutoff deadline set by the Court.**

E. Of Whom and by when the defendant anticipates taking oral depositions.

**Defendant intends on deposing all Plaintiffs and their designated experts.  Defendant will be present for the depositions of the additional parties, if added, as articulated above. Defendant anticipates being ready for deposing Plaintiffs shortly after written discovery has been produced.  The parties agree that all depositions can be done via Zoom or a similar platform within 90 days of the entry of the Court's scheduling order. Defendant anticipates retention of expert witnesses within 60 days of the date of this order and shall make them available to Plaintiff for depositions.**

F. When the plaintiff (or the party with the burden of proof on an issue) will be able

to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

**Plaintiffs' expert designation has been completed.**

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**If allowed, Plaintiffs anticipate taking Defendant's expert(s) depositions within 45 days after the designation of the same. However, Plaintiffs believe that the discovery deadline has passed in this matter and that Defendants should be precluded from any further discovery and certainly precluded from designation of any experts. Plaintiffs reserve the right to object to any designation of these experts.**

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (export report).

**Defendant has been informed the Plaintiffs designated two experts (Martin Buncher and Stephen Chamberlin); one on the false advertising and consumer confusion issue and one on damages. Defendant anticipate being able to take these depositions within 90 days of the entry of the Court's scheduling order. However, Plaintiffs believe that the discovery deadline has passed in this matter and that Defendants should be precluded from any further discovery.**

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**None. The parties' counsel have a good working relationship, have worked and are actively working on additional matters with similar claims in other cases. The parties' counsel anticipate completing the aforementioned written and oral discovery in a timely and efficient manner. The parties have discussed document production and have attempted to anticipate disagreements in an effort to resolve them prior to seeking court involvement.**

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

**The parties have engaged in informal discussions regarding the disclosure of materials, including insurance coverage, and general discovery timelines. At this point in the case, no other written discovery is anticipated.**

13. State the date the planned discovery can reasonably be completed.

**The parties have engaged in informal discussions regarding the disclosure of**

         **materials, including insurance coverage, and general discovery timelines. At this point in the case, no other written discovery is anticipated. Plaintiffs also object to the taking of depositions.**

14.     Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

         **This matter was unsuccessfully mediated. Case No.: 22-CA-009332 *Gaxiola, Et Al. v. Club Hefe, Inc., Et Al.* pending in the Circuit Court of the 13th Judicial District in and for Hillsborough County, Florida involves state claims for misappropriation similar to the claims asserted here. Robert B. Harrison is the common owner of all Defendants both the Texas and Florida matters. That matter is set for mediation on November 14, 2024. Plaintiffs plan on attempting to globally settle with Mr. Harrison; however, in light of past settlement failures, are not optimistic.**

15.     Describe what each party has done or agreed to do to bring about a prompt resolution.

         **To date, the parties have engaged in brief settlement discussions and discussed exchanging information, e.g., insurance information, to facilitate those discussions. This matter was unsuccessfully mediated.**

         **The parties are amenable to a Court mandated settlement conference or a mediation if informal settlement discussions stall. Defendant is in the process of evaluating whether any potentially applicable insurance coverage may exist. The parties agree that resolution of the issue will shape future settlement negotiations.**

16.     From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

         **The parties agree that referral to a second mediation or mandatory settlement conference might be productive and request that the Court enter as part of its Order a deadline to mediate or attend a settlement conference in this matter.**

17.     Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

         **Plaintiffs consent to referring this case to a magistrate judge for jury or nonjury trial, pursuant to 28 U.S.C. § 636(c). In accordance with the provisions of 28 U.S.C. § 636(c), Plaintiffs to the above-captioned civil matter hereby waive their right to proceed before a Judge of the United States District Court and consent to have a United States Magistrate Judge conduct any and all further proceedings in the above styled case (including the trial) and order entry of a final judgment.**

> **Defendant does not consent to referring this case to a magistrate judge for jury or nonjury trial pursuant to 28 U.S.C. § 636(c).**

18. State whether a jury demand has been made and if it was made on time.

    **Jury demand has been timely made by plaintiffs.**

19. Specify the number of hours it will take to present the evidence in this case.

    **Plaintiffs and Defendant anticipate a 4-5 day trial, including jury selection and opening and closing arguments.**

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    **None.**

21. List other motions pending.

    **None.**

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    **Plaintiffs request that all depositions, hearings, and other events normally requiring in-person attendance, including mediation or settlement conference, may be permitted to occur via Zoom or a similar platform unless otherwise agreed to by all parties or mandated by the Court. All Plaintiffs are residents of states other than Texas. Defendants also agree to this concession.**

23. List the names, bar numbers, addresses and telephone numbers of all counsel.

    **For Plaintiffs:**

    */s/Dennis C. Postiglione*
    **Dennis C. Postiglione - 24041711
    The Casas Law Firm, P.C.
    607 E. Blanco Road, #1724
    Boerne, Texas 78006
    Main: (512) 806-7699
    Fax: (855) 220-9626
    Email: dennis@talentrights.law**


    **For Defendant:**

**Bochner PLLC**
***By:/s/ Edward Andrew Paltzik (with permission after conference)***
**Edward Andrew Paltzik, Esq.**
**State Bar No. 24140402**
**1040 Avenue of the Americas, 15 th Fl.**
**New York, NY 10018**
**edward@bochner.law**

**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

      This will certify that a true and correct copy of the above and foregoing document was served on all counsel of record via email and via this Court's e-file system on this 15th of November 2024.

***Via Email and Efile***
Bochner PLLC
By:/s/ Edward Andrew Paltzik
Edward Andrew Paltzik, Esq.
State Bar No. 24140402
1040 Avenue of the Americas, 15 th Fl.
New York, NY 10018
**edward@bochner.law**

**Attorneys for Defendant**

                                                  */s/Dennis C. Postiglione*
                                                  Dennis C. Postiglione